UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | | |
|---|---|---|
| RICHIE ELZANDER MAYES, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 12-42-KKC |
| | ) | |
| v. | ) | |
| | ) | |
| COMMONWEALTH OF KENTUCKY, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Richie Elzander Mayes is a prisoner incarcerated at the Fayette County Detention Center in Lexington, Kentucky. Mayes, proceeding without an attorney, has filed a civil rights action under 42 U.S.C. § 1983. [R. 1] The Court has granted his motion to pay the filing fee in installments pursuant to 28 U.S.C. § 1915(b) by prior Order.

The Court conducts a preliminary review of civil rights complaints. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). Because the plaintiff is not represented by an attorney, the complaint is reviewed under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage the Court accepts the plaintiff's factual allegations as true and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). But the Court must dismiss a case at any time if it determines the action (a) is frivolous or malicious, or (b) fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

Records provided by Mayes indicate that on or about May 11, 2011, Lexington police charged him with public intoxication, violating the terms of an emergency protective order or

domestic violence order, fleeing from police and resisting arrest. [R. 1-1 at 2-4] In his complaint, Mayes indicates that in May 2011 he instructed his attorney, defendant Bonnie Potter, to file a motion for a speedy trial but that she failed to do so. Mayes further alleges that in August 2011 Potter did not provide him with copies of numerous documents that he had requested. Mayes indicates that during a preliminary hearing, he told Fayette County District Judge Kim Wilkie that he would not consent to any further extensions of time and contended that his right to a speedy trial had been violated. In September 2011, attorney Angela Denise Redwine was appointed to represent Mayes in his criminal proceedings, but Mayes alleges that she likewise did not follow his instructions. Mayes alleges that at a subsequent hearing Fayette County District Judge Joseph T. Bouier overruled his objections and "violate[d] my probation." Mayes contends that each of the defendants have violated and continue to violate his right to a speedy trial under the Sixth Amendment and to due process of law under Fifth and Fourteenth Amendment. He seeks immediate release from custody and damages against each of the defendants.

The Court must dismiss the complaint for several reasons. First, ordinarily this Court will possess subject matter jurisdiction over federal civil rights claims brought pursuant to Section 1983 under both the general federal question statute, 28 U.S.C. § 1331, and the specific jurisdictional grant of 42 U.S.C. § 1343(a)(3). However, under certain circumstances, the Court must not exercise that jurisdiction. In *Younger v. Harris*, 401 U.S. 37, 43-45 (1971), the Supreme Court held that a federal court must abstain from deciding a case that would be properly before it but for the pendency of state criminal proceedings in the matter. Where state judicial proceedings are ongoing, involve important state interests, and provide an adequate opportunity to raise a constitutional challenge, abstention is required. *Tindall v. Wayne County Friend of the Court*, 269 F.3d 533, 538 (6th Cir. 2001). Here, because Mayes indicates that the criminal proceedings against him remain pending, he may raise his

challenges to the timeliness of the prosecution's case against him in those proceedings or on direct appeal in the Kentucky appellate courts. The Court will not interfere with ongoing criminal proceedings pending in a state court, and abstention is plainly warranted here. *Kelm v. Hyatt*, 44 F.3d 415, 419 (6th Cir. 1995).

Even if this were not so, the constitutional claims against each of the defendants would fail as a matter of law. First, to the extent Mayes is attempting to assert a claim directly against the Commonwealth of Kentucky, the Eleventh Amendment to the United States Constitution specifically prohibits federal courts from exercising subject matter jurisdiction over a suit for money damages brought directly against the state, its agencies, and state officials sued in their official capacities. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 687-88 (1993). In addition, a state is not considered a "person" subject to liability under 42 U.S.C. § 1983. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

Second, Mayes may not assert a civil rights claim against his court-appointed attorneys Potter and Redwine. The civil rights laws only apply to a person acting "under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). This requirement is satisfied only where the person is employed by the state, or the state otherwise vests the private individual with authority to act on its behalf in the performance of a function traditionally performed by the state. *Id.* at 49-50. In *West* the Supreme Court expressly held that "a public defender does not act under color of state law when performing a lawyer's traditional function as counsel to a defendant in a criminal proceeding." *Id.* at 49; *see also Whisnant v. Stokes*, 2008 WL 4763853, at *5 (E.D. Tenn. 2008) (collecting cases). Because all of the actions taken by attorneys Potter and Redwine were performed within the scope of their roles as court-appointed counsel for Mayes, they were not acting "under color of state law" and are not subject to liability under the civil rights laws.

Finally, judges Wilkie and Bouier are absolutely immune from damages actions from claims arising out of their conduct as judicial officers. "It is well established that judges are entitled to absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of any jurisdiction." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (*citing Mireles v. Waco*, 502 U.S. 9 (1991) (*per curiam*)). Mayes's allegations against judge Wilkie and Bouier are premised upon actions each took when performing their role as judge, and thus fall squarely within the scope of this immunity. *Rose v. Leaver*, 25 F. App'x 191, 192 (6th Cir. 2002).

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's Complaint [R. 1] is **DISMISSED WITH PREJUDICE.**

2. The Court will enter an appropriate judgment.

Dated this 21st day of February, 2012.

Signed By:

*Karen K. Caldwell* KKC

**United States District Judge**